UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHAWN KELLEY,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>SOUTHERN CAPITAL FINANCE GROUP, LLC,<br><br>　　　　Defendant(s). | Case No. 2:22-cv-01708-ART-NJK<br><br>**Order** |

Pending before the Court is an order to show cause why sanctions should not be imposed on Attorneys George Haines and Gerardo Avalos for violating the Court's order. Docket No. 17.[1] A response was filed. Docket No. 18. On June 17, 2024, the Court held a show cause hearing.[2]

**I.    BACKGROUND**

On March 8, 2023, the parties filed a notice of settlement indicating that they needed 60 days to file dismissal papers. Docket No. 14. On March 10, 2023, the parties were ordered to file dismissal papers or a status report by May 9, 2023. Docket No. 15. The parties violated that order. On April 18, 2024, the Court ordered the parties to file dismissal papers by May 10, 2024. Docket No. 16. The parties violated that order. On May 13, 2024, the Court issued the pending order to show cause. Docket No. 17. Counsel filed a response indicating that, despite the passage

---

[1] The papers make clear that Attorneys George Haines and Gerardo Avalos bear the bulk of the blame here, *see, e.g.*, Docket No. 18 at 3 ("Plaintiff's counsel . . . took on the responsibility of preparing and circulating notices, stipulations and status reports to be filed with the Court after reaching initial settlement terms"), which was also borne out at the hearing. The order to show cause is **DISCHARGED** as to it relates to defense counsel.

[2] Although the case was dismissed by stipulation after issuance of the order to show cause, the Court retains jurisdiction over this sanctions issue. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990); *see also Burrage-Simon v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 5224885, at *3 (D. Nev. Sept. 8, 2015) (same for sanctions imposed under Rule 16(f) of the Federal Rules of Civil Procedure).

1

of 15 months, more time was necessary to file dismissal papers. *See* Docket No. 18 at 4-5. That response represented that dismissal papers would be filed by May 31, 2024. *See id.* Dismissal papers were not filed by that date.

## II. STANDARDS

A party or its attorney may face sanctions for their failure to comply with any pretrial order. Fed. R. Civ. P. 16(f). Rule 16(f) is "broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (*per curiam*). Rule 16(f) applies regardless of whether the non-compliance with the court order was intentional. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). Similarly, "[i]t is firmly established that sanctions may be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith." *Hologram USA, Inc. v. Pulse Evolution Corporation*, 2016 WL 2757377, at *2 (D. Nev. May 11, 2016) (collecting cases).

When a court determines that Rule 16(f) has been triggered, it has broad discretion in fashioning an appropriate sanction. *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993). Violations of orders are "neither technical nor trivial," *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999), and can have severe ramifications. Rule 16(f) itself provides that courts may issue "any just orders," including those authorized by Rule 37(b)(2)(A)(ii)-(vii), which include the initiation of contempt proceedings and entry of case-dispositive sanctions. *See* Fed. R. Civ. P. 16(f)(1); *see also Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-33 (9th Cir. 1987) (affirming dismissal sanction). A court fine is among the "just orders" contemplated as a sanction by the rule. *U.S. Bank N.A. v. SFR Invs. Pool 1, LLC*, 2018 WL 701816, at *4 (D. Nev. Feb. 2, 2018) (citing *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-96 (8th Cir. 2001)).

## III. ANALYSIS

The circumstances warrant imposition of a monetary fine on Attorneys George Haines and Gerardo Avalos. They responded to the order to show cause blaming staffing issues for calendaring errors. *E.g.*, Docket No. 18 at 3-4. Such reasoning is not applicable to the entire

timeframe at issue and does not apply to some of the misconduct in the case. This case involves multiple violations of orders and a lengthy period of inactivity.[3] The case also involves further delay even after issuance of the order to show cause and after assurances were made that "additional safeguards" had been put in place. *See* Docket No. 18 at 4. While the Court takes counsel at their word that the violations were not intentional, the Court has not been presented with any reasonable justification to excuse their conduct. As a result, the Court will impose a small fine of $100 each on Attorneys George Haines and Gerardo Avalos. Attorneys George Haines and Gerardo Avalos are also cautioned that they have an obligation to exercise due care and reasonable professional diligence in each of the cases they file. *Carisbrook Asset Holding Tr. v. SFR Invs. Pool 1, LLC*, 2019 WL 2393614, at *3 n.2 (D. Nev. June 6, 2019). If similar issues continue in the future, counsel should expect that such violations will result in more significant repercussions than the light sanctions imposed herein. *Garcia v. GEICO Cas. Co.*, 2014 WL 7474773, at *3-4 (D. Nev. Jan. 6, 2014).

## IV. CONCLUSION

For the reasons discussed above, Attorneys George Haines and Gerardo Avalos must each pay a fine of $100 by July 2, 2024, and must file proof of payment by that date. The order to show cause is otherwise discharged.

IT IS SO ORDERED.

Dated: June 17, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] In addition, the representations made by Attorneys George Haines and Gerardo Avalos did not always instill confidence as to counsel's candor. The Court will not catalogue the red flags with the representations made, but an obvious example appears in contrasting the attestations of "work[ing] diligently" on settlement papers (Docket No. 18 at 3) with the representations at the hearing as to inactivity and non-responsiveness. The Court also notes that Attorneys George Haines and Gerardo Avalos were not prepared at the hearing to answer some of the basic questions as to the circumstances at hand.